# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RALPH LEROY FLUGGE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD K. HOLLENBECK, individually and in his official capacity as a Deputy Sheriff for Howard County, Iowa, HOWARD COUNTY, IOWA, MARC WATERLANDER, in his individual and official capacities as a Conservation Officer for the State of Iowa, and THE STATE OF IOWA, <br><br> Defendants. | No. C16-2121-LTS <br><br> **ORDER** |

## I. INTRODUCTION

This case is before me on a motion (Doc. No. 9) by defendants Marc Waterlander and the State of Iowa (State) to dismiss plaintiff Ralph Leroy Flugge, Jr.'s claims against them. Flugge has filed a resistance (Doc. No. 11) and the movants have filed a reply (Doc. No. 12). No party has requested oral argument and, in any event, I find that oral argument is not necessary. See N.D. Ia. L.R. 7(c).

## II. FACTUAL BACKGROUND

The complaint includes the following allegations:

On November 16, 2014, Flugge called Waterlander to complain that a deer had been illegally shot on his property. Doc. No. 2 at 4. Waterlander was unable to respond, but referred the matter to other conservation officers who met with Flugge on his

property. *Id*. On December 7 and 10, 2014, Flugge contacted the Howard County Sheriff's Department and the Iowa Department of Natural Resources and again complained about vehicles trespassing on his property for the purpose of poaching wild game deer. *Id*. at 5. Hollenbeck and Waterlander met with Flugge on December 7. *Id*. Hollenbeck met with Flugge again on December 10. *Id*. at 6. Meanwhile, Waterlander received information from multiple sources that Flugge was dissatisfied with the officers' response to his complaints and had made threatening statements with regard to trespassers. *See id*. at 5-7 ("Flugge was very upset and stating that he was going to take the law into his own hands because Flugge knew they were not going to do anything with his complaints."); (Flugge "stated he was 62 years-old and was not concerned if he had to go to prison and would just take care of the problem himself.").

On December 12, 2014, Waterlander applied for a search warrant based on the alleged threatening statements. *Id*. at 2-8. That same day, Flugge was charged with Felony Threat of Terrorism in violation of Iowa Code § 708A.5 based on those alleged statements.[1] *Id*. at 9. On August 20, 2015, the State of Iowa voluntarily dismissed the charge. *Id*. at 9.

Flugge filed this action on December 9, 2016, asserting four counts:

- Count I – Constitutional violations brought pursuant to 42 U.S.C. § 1983 against Hollenbeck (both individually and in his official capacity as a Deputy Sheriff for Howard County, Iowa); Howard County, Iowa; Waterlander (both individually and in his official capacity as a conservation officer for the State);[2] and the State.

- Count II – Conspiracy claim brought pursuant to 42 U.S.C. § 1983 against Hollenbeck and Waterlander.

---

[1] A person who threatens to commit terrorism or threatens to cause terrorism to be committed and who causes a reasonable expectation or fear of the imminent commission of such an act of terrorism commits a class "D" felony. Iowa Code § 708A.5.

[2] All claims against Hollenbeck and Waterlander are brought against them in their individual and official capacities.

- Count III – State law claim of false arrest against Hollenbeck and Howard County, Iowa.

- Count IV – State law claim of malicious prosecution against Hollenbeck and Howard County, Iowa.

*Id.* at 9, 13, 15-16. The State and Waterlander (in his official capacity) argue Counts I and II against them should be dismissed based on Eleventh Amendment immunity.[3]

### III. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces but does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[3] While Count II is not expressly directed against the State, for the reasons set forth below a claim against a state employee in that employee's official capacity is akin to a claim against the state. Thus, I will treat Count II as if it is also directed against the State.

3

reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id*. (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014).

## IV. DISCUSSION

The State and Waterlander (in his official capacity) seek dismissal of Counts I and II against them on grounds that those claims are barred by the Eleventh Amendment[4] of

---

[4] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. It also bars suits against a State by citizens of that same State. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986).

the United States Constitution. *See* Doc. No. 9-1. I will address the Eleventh Amendment's applicability to each party separately.

*A.   The State*

Flugge argues that the Eleventh Amendment does not bar his claims against the State because Iowa has formally waived Eleventh Amendment protections in the Iowa State Tort Claims Act. *See* Doc. No. 11 (citing Iowa Code § 669.4).[5] "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity."[6] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The Eighth Circuit Court of Appeals has explained that a state's waiver of sovereign immunity must be clear and unequivocal:

> "The test for determining whether a State has waived its immunity from federal court jurisdiction is a stringent one." *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). A State "is deemed to have waived its immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Id.* at 239–40, 105

---

[5] Flugge also seems to imply that I should be reticent to grant the motion to dismiss because the State may later substitute itself as a party in the place of Waterlander under Iowa Code § 669.5. *See* Doc. No. 11 at 2 ("Because [it] ha[s] yet to decide [whether to substitute itself as a defendant] . . . it would be premature to dismiss [the State of Iowa] as a party."). It is unclear as to why Section 669.5 should factor into the analysis. The statute provides that if the Attorney General of Iowa confirms that a defendant is a state employee acting within the scope of his or her office or employment at the time of the incident, the suit "shall be deemed an action against the state" and "if the state is not already a defendant, the state shall be substituted as the defendant in the place of the employee." Iowa Code § 669.5. Therefore, the State has no discretion in the matter and could be substituted for Waterlander later regardless of whether it is dismissed now.

[6] The Eleventh Amendment's bar against suits may also be overridden when Congress "exercise[s] its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. at 66. That said, "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Id.*

5

> S.Ct. 3142. "The interests of Federalism require that such a waiver be clear and unequivocal." *Burk v. Beene,* 948 F.2d 489, 493 (8th Cir.1991). Importantly, "[a] State's general waiver of sovereign immunity is insufficient to waive Eleventh Amendment immunity; the state must specify an intent to subject itself to *federal court jurisdiction.*" *Santee Sioux Tribe of Neb. v. Nebraska,* 121 F.3d 427, 431 (8th Cir.1997) (emphasis added).

*Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 969 (8th Cir. 2000).

This court has, on multiple occasions within the context of Section 1983 actions, rejected arguments that Iowa Code § 669.4 contains the stringent language required to waive sovereign immunity. *See*, *e.g.*, *Jacobsen v. Dep't of Transp.*, 332 F. Supp. 2d 1217, 1230 (N.D. Iowa 2004), *aff'd*, 450 F.3d 778 (8th Cir. 2006); *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at *7 (N.D. Iowa Oct. 8, 2014), *report and recommendation adopted*, No. C 14-4016-MWB, 2014 WL 7345780 (N.D. Iowa Dec. 23, 2014) (same). This court has so ruled because "[t]he plain language of [§] 669.4 limits waiver of Iowa's sovereign immunity to lawsuits brought in *Iowa state courts*." *Jacobsen*, 332 F. Supp. 2d at 1229-30 (emphasis added). As a result, "the court cannot find that § 669.4 provides an express waiver of Eleventh Amendment immunity to suits against the state *in federal court*." *Id.* at 1230 (emphasis added). Counts I and II against the State must be dismissed.

### B. *Waterlander (Official Capacity)*

Because I have ruled that the State has not waived Eleventh Amendment immunity with regard to Section 1983 actions brought in federal court, the only remaining issue is whether that immunity extends to state actors in their official capacities. It does. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. 58 (1989). "As such, it is no different from a suit against the State itself." *Id.*; *see also Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) (commissioners of Arkansas Commission on Law Enforcement Standards and Training could not be subject to Section 1983 suits

in their official capacities "because such suit is no different from a suit against the state itself"). Accordingly, Counts I and II against Waterlander in his official capacity must also be dismissed.

## V. CONCLUSION

For the reasons set forth herein, the motion (Doc. No. 9) to dismiss is **granted**, as follows:

1. Counts I and II, as asserted against defendant the State of Iowa, are **dismissed**. Because those counts contain the only claims directed at the State, the State of Iowa is hereby **dismissed** as a party to this action.

2. Counts I and II, as asserted against defendant Marc Waterlander in his official capacity, are **dismissed**. Those counts remain pending against Waterlander in his individual capacity.

**IT IS SO ORDERED.**

**DATED** this 19th day of June, 2017.

_____
Leonard T. Strand, Chief Judge